**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

YASMIN OSORIO                                                    CIVIL ACTION

VERSUS                                                               No. 26-455

UNITED STATES OF AMERICA                                   SECTION I

**ORDER AND REASONS**

The complaint in above-captioned matter is nearly identical to the one this Court dismissed for lack of subject matter jurisdiction mere months ago. *See Osorio v. United States*, No. 25-1261, R. Doc. No. 26 (E.D.La. Feb. 5, 2026) (Africk, J.).[1] In fact, it appears that the only difference between the two complaints is the substitution of the words "negligent" and "negligently" in place of the words "intentional" and "intentionally" in two instances within the complaint.[2]

Ruling on defendant United States of America's (the "government") motion to dismiss in the second case, this Court dismissed plaintiff Yasmin Osorio's ("Osorio") complaint for lack of subject matter jurisdiction. *See Osorio,* No. 25-1261, R. Doc. No. 26. This Court found that Osorio's claims fell within the Federal Tort Claims Act's

---

[1] This is the third time this case has been before the Court, however, in the first instance the Court dismissed Osorio's claims for a failure to exhaust administrative remedies. *See Osorio v. Crescentcare Holdings, Inc. et al.*, No. 24-2515, R. Doc. No. 5 (E.D. La.) (Africk, J.). Osorio has since exhausted her administrative remedies: she represents, and the government does not contest, that she filed a claim with the Department of Justice over six months ago and that she has received no response. R. Doc. No. 1 ¶ 4; *see also* 28 U.S.C. § 2675 (articulating the administrative exhaustion requirement and stating that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section").

[2] *Compare* R. Doc. No. 1 ¶¶ 3, 5, *with Osorio*, No. 25-1261, R. Doc. No. 1 ¶¶ 3, 4.

1

("FTCA") intentional tort exception, 28 U.S.C. § 2680(h), and that her Privacy Act claim, 5 U.S.C. § 522, could not be brought pursuant to the FTCA. *See id.*

Now before the Court is the government's motion[3] to dismiss Osorio's complaint in the above-captioned matter. It urges the Court to "reject" Osorio's "blatant attempt to artfully plead around" the FTCA's intentional tort exception, noting that despite the substitutions of "negligent" in place of "intentional," Osorio's factual allegations "remain the same."[4] The remainder of the government's motion to dismiss is identical to the one it filed in the previous case.[5]

Unlike in the previous case, Osorio has filed a response[6] in opposition to the government's motion to dismiss.  She rejects the government's characterization of her altered complaint as "artful pleading," and insists that "[p]leading is an art and words have meaning."[7] Yet, she concedes that her previous complaint was dismissed "because she had described the acts . . . as intentional and in this complaint, she describes those [same] acts as negligent."[8]

Her response also rests on the principle that "in cases where the jurisdictional issue and the federal cause of action are interdependent, the court must proceed to the merits rather than dismissing the case under Rule 12(b)(1)."[9] She submits that

---

[3] R. Doc. No. 12.

[4] R. Doc. No. 12-1, at 1–2.

[5] *Id.* at 2 ("The remainder of this memorandum in support is identical to [the government's] previously-filed memorandum in support."). *Compare* R. Doc. No. 12, *with Osorio*, No. 25-1261, R. Doc. No. 21.

[6] R. Doc. No. 13.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.* at 4–5 (citing *Williamson v. Tucker*, 645 F.2d 404 (1981) and *Montez v. Dep't of*

the proper course of action for jurisdictional attacks on FTCA claims "is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of [her] case."[10] Osorio contends that dismissal of her claims pursuant to Rule 12(b)(1) is therefore "improper."[11]

The government filed a reply,[12] arguing that it is clear from the allegations in the complaint that Osorio is "complaining about intentional acts," and that she has not "presented any facts or even made any argument that the alleged actions. . . are anything other than intentional actions."[13] It further notes that "[w]hile there is a factual dispute regarding whether [the alleged tortfeasors] engaged in the alleged actions, there is not a dispute about whether they were intentional actions."[14] It maintains that dismissal for lack of subject matter jurisdiction is appropriate.[15]

## I.    BACKGROUND

This case arises out of the allegedly tortious acts committed by Angelia Comeaux ("Comeaux"), an employee of the United States Public Health Service, acting within the scope of her employment at Crescent Care.[16] Osorio was a patient

---

*the Navy*, 392 F.3d 147 (2004)).

[10] *Id.* at 5.

[11] *Id.*

[12] R. Doc. No. 14.

[13] *Id.* at 1–2.

[14] *Id.* at 2.

[15] *Id.*

[16] *See generally* R. Doc. No. 1; *See also* R. Doc. No. 12-2, at 1 (certification of Assistant United States Attorney Peter Mansfield) ("On the basis of the information now

of Crescent Care and had been "examined and treated over the course of several months" for certain medical issues.[17] "Substantial medical records" were generated as a result of her treatment, which were "stored and maintained" by Crescent Care.[18]

In December 2022, Osorio discovered that her medical records "had been improperly accessed" and published on social media "with alterations that could only have come from another Crescent Care patient, who also had his or her records accessed by Angelia Comeaux."[19] Osorio alleges that Comeaux was the employee that had accessed and published the altered medical records; the complaint states that Comeaux "had access to these medical records as a direct result of her employment" and that Crescent Care had "placed [Comeaux] in a position where she had unfettered access to patients' sensitive and private medical records."[20]

---

available and with respect to the allegations in the Petition, I find that the named defendant, Angelia Comeaux, was at all times acting within the scope of her employment as a deemed employee of the United States Public Health Service at all times material to the incidents alleged in the Petition."); *see also id.* (stating that Crescent Care "is a public or nonprofit private entity receiving Federal funds under Section 254b of the Public Health Services Act, 42 U.S.C. § 254b.").

[17] R. Doc. No. 1 ¶ 6.

[18] *Id.*

[19] *Id.* ¶ 7 (citation modified).

[20] *Id.* ¶ 8.

As with her last complaint, Osorio alleges three causes of action against the government pursuant to the FTCA.[21] The first and second are the same: her first claim alleges a cause of action pursuant to the Privacy Act, 5 U.S.C. § 522,[22] and her second alleges invasion of privacy pursuant to Louisiana Civil Code article 2315.[23] Her third claim now asserts *negligent* infliction of emotional distress ("NIED"), rather than intentional infliction of emotional distress ("IIED"), pursuant to Louisiana Civil Code article 2315.[24]

---

[21] *Id.* ¶ 3. Although not listed as a cause of action, Osorio also seems to raise an implied contract claim. *See id.* ¶ 9. However, the Court already explained in its previous order and reasons dismissing Osorio's complaint that:

> Even if the Court were to find that [Osorio's implied contract allegation is] an additional cause of action or that Osorio's claims are founded on an implied contract with the government, the Court agrees with the government, *see* R. Doc. No. 21-1, at 8–9, that it would lack jurisdiction over this claim because exclusive jurisdiction lies with the U.S. Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). *See* § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . ."); *U.S. Marine, Inc. v. United States*, 478 F. App'x 106, 109 (5th Cir. 2012) ("The FTCA does not, however, extend the district courts' subject matter jurisdiction to claims sounding in contract. Instead, the Tucker Act vests the Court of Federal Claims with exclusive jurisdiction over any claim that exceeds $10,000 and is founded upon an express or implied contract with the [government]." (internal citations omitted)); *id.* at 110 (holding that it was improper for the district court to exercise supplemental jurisdiction over claims properly heard pursuant to the Tucker Act) ("[W]e have 'consistently refused to allow district courts to adjudicate issues which belong solely to the Court of Federal Claims, even though some other statute conferring jurisdiction would otherwise allow the district court to hear the case.'" (internal alternations and quotations omitted)); *see also* R. Doc. No. 21-3, at 1 (Osorio's administrative claim valuing her case at $150,000).

*Osorio*, No. 25-1261, R. Doc. No. 26, at 2–3 n.9. Osorio does not dispute, or even

5

## II.    STANDARD OF LAW

### a.    *Subject Matter Jurisdiction*

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Pursuant to Rule 12(b)(1), "a claim is properly dismissed for lack of subject-matter jurisdiction when

---

address, the Court's findings with respect to her implied contract allegations. *See generally* R. Doc. No. 13. The Court therefore finds no reason to rule differently.

[22] The Court previously dismissed Osorio's Privacy Act claim because Fifth Circuit precedent forecloses using the FTCA as the vehicle through which to bring a federal Privacy Act claim. *See Osorio*, No. 25-1261, R. Doc. No. 26, at 8–9 (citing *Coleman v. United* States, 912 F.3d 824 (5th Cir. 2019)). The Court noted that although Osorio had stated that her first claim was brought "pursuant to the Privacy Act," that she had also made "clear that jurisdiction for her claim arises pursuant to the FTCA." *Id.* at 8. The Court therefore stated that it "understands Osorio as attempting to file a federal Privacy Act claim through the FTCA, which the Fifth Circuit has explicitly held cannot be the basis for an FTCA claim." *Id.* Osorio has not styled her Privacy Act claim any differently this time around, *see* R. Doc. No. 1 ¶¶ 3, 11, nor does she dispute, or even address, this characterization of her Privacy Act claim in her response, *see generally* R. Doc. No. 13. *See also* R. Doc. No. 12, at 8 (raising the same argument as it did in its previous motion to dismiss that Osorio's Privacy Act claim cannot "be used as a basis to assert a tort claim under the FTCA"). Osorio has given this Court no reason to have a different understanding. The Court therefore finds it lacks jurisdiction over Osorio's first cause of action without further discussion and for the reasons fully set forth in its prior order and reasons. *See Osorio*, No. 25-1261, R. Doc. No. 26, at 8–9.

[23] *Id.* ¶¶ 11, 14–15.

[24] *Id.* ¶¶ 18–19. The Court notes that Osorio refers to this claim as "infliction of *mental* distress," but alleges that she suffered "*emotional* distress." *See id.* ¶ 18. It appears from a review of Louisiana caselaw that this is the same cause of action, that is, a cause of action for violations of Louisiana Civil Code article 2315 in which the plaintiff has suffered mental or emotional distress "absent physical damage" or "injury." *See Spencer v. Valero Ref. Meraux, L.L.C.*, No. 2022-00469, 356 So. 3d 936, 949–50 (La. 2023).

the court lacks the statutory or constitutional power to adjudicate the claim." *Id.* (citation and quotation omitted).

"Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id.* "The question of whether the United States has waived sovereign immunity . . . goes to the court's subject-matter jurisdiction . . . and may therefore, be resolved on a Rule 12(b)(1) motion to dismiss." *Willoughby v. U.S. ex rel U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (internal citations omitted).

Typically, when ruling on a Rule 12(b)(1) motion, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If a court determines that it does not have subject matter jurisdiction over an action, the action is dismissed without prejudice. *See, e.g., Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

When "there is a dispute with respect to a fact that is determinative of both the federal jurisdiction question and the underlying federal cause of action," *Montez*

*v. Dep't of Navy*, 392 F.3d 147, 148 (5th Cir. 2004), a district court's "ability to resolve fact disputes on a Rule 12(b)(1) motion" is limited, *Pickett v. Texas Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1029 (5th Cir. 2022).  In such instances, the Fifth Circuit holds that district courts "must assume jurisdiction and proceed to the merits." *Montez*, 392 F.3d at 150; *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (noting that "[g]enerally speaking, a court cannot assume that it has jurisdiction and proceed to resolve a case on the merits," but recognizing *Motenz* as an exception for "certain circumstances where disputed issues of fact are central both to a jurisdictional attack and the claim on the merits"). "The proper course of action for the district court" in these instances "is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case under either Rule 12(b)(6) or Rule 56." *Montez*, 392 F.3d at 150 (citation modified).

**b.**    ***FTCA's intentional tort exception to the waiver of sovereign immunity***

"As the sovereign, the United States is immune from suit unless, and only to the extent that, it has consented to be sued." *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The FTCA, which "is the exclusive remedy for suits against the United States or its agencies sounding in tort," *Willoughby*, 730 F.3d at 479 (citing 28 U.S.C. § 2679(a)), contains a "limited waiver of sovereign immunity for tort suits brought against the United States or its agencies," *Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445 (5th Cir. 2014) (citing 28 U.S.C. §§ 2674, 2679(a)).

The FTCA's limited waiver of sovereign immunity excludes "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).[25] "To determine whether a claim is one 'arising out of' any of these enumerated torts," courts "must focus on the conduct upon which the plaintiff's claim is based" rather than how the plaintiff has styled her claim. *Truman*, 26 F.3d at 594; *Life Partners Inc. v. United States*, 650 F.3d 1026, 1031 (5th Cir. 2011) ("[The plaintiff's] choice of pleading is not controlling. Instead, we focus on the conduct upon which the plaintiff's claim is based." (internal alterations and citations omitted)).

"Even if a plaintiff styles a claim so that it is not one that is enumerated in section 2680(h), the plaintiff's claim is still barred 'when the underlying governmental conduct "essential" to the plaintiff's claim can fairly be read to "arise out of" conduct that would establish an excepted cause of action.'" *Truman*, 26 F.3d at 594 (quoting *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993)); *Fleming v. Napolitano*, No. 11-2147, 2012 WL 1135843, at *2 (E.D. La. Apr. 4, 2012) (Englehardt, J.) ("While the plaintiff may style a claim in such a way that it is not listed in section 2680(h), the claim must still be dismissed for lack of jurisdiction if the conduct giving rise to the claim would be sufficient to state an excepted cause of action."). But where the alleged conduct has "two distinct aspects that may give rise to two similar torts,"

---

[25] *See Truman*, 26 F.3d at 594 ("[T]he exceptions to the FTCA's waiver of sovereign immunity that appear in 28 U.S.C. § 2680 limit the federal courts's[*sic*] jurisdiction to hear FTCA claims and, if applicable, bar a suit brought against the government.").

suit is not barred with respect to the "distinct claim arising out of [the] other [actionable] aspects of the [g]overnment's conduct." *Truman*, 26 F.3d at 595. "So long as some aspect of the conduct upon which a plaintiff bases a tort claim does not constitute a tort listed in section 2680(h), the suit is not barred." *Id.* The exceptions to the FCTA's waiver of sovereign immunity "must be strictly construed in favor of the government." *Id.* at 594.

### III.    ANALYSIS

The only difference in briefing between the last motion to dismiss and the one now before the Court is Osorio's invocation of *Montez*. But Montez and its progeny cannot save Osorio's complaint.

Like this case, *Montez* involved the government's motion to dismiss the plaintiffs' FTCA claims for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). *Montez*, 392 F.3d at 148. The case stemmed from a car accident in which the plaintiffs' daughter, who died as a result of the accident, was a passenger. *Id.* at 148–49. The driver of the car was enlisted in the Navy. *Id.* at 149. The plaintiffs and the government agreed that the driver "was negligent and that his negligence caused the accident." *Id.*  However, the parties disagreed with respect to whether the driver was "acting within the scope of his employment" at the time of the accident, as is required for application of the FTCA. *Id.* The district court in that case resolved this factual dispute in favor of the Navy and dismissed the plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Id.* The Fifth Circuit reversed. *Id.* at 151.

The Fifth Circuit in *Montez* found that while "in general, where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case," *id.* at 149, such resolution of factual disputes is not proper "where issues of fact are central both to subject matter jurisdiction and the claim on the merits," *id.* at 150. It stated:

> In circumstances where "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under either Rule 12(b)(6) or Rule 56.

*Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)). The Fifth Circuit held that this "general rule" applies to such intertwined jurisdictional attacks on FTCA claims specifically and that "resolution of the jurisdictional issue on a 12(b)(1) motion [is] improper." *Id.*

The Fifth Circuit has reiterated this rule in a more recent case, *M.D.C.G. v. United States*, 956 F.3d 762 (5th Cir. 2020). In *M.D.C.G.*, the district court had dismissed the plaintiffs' FTCA claims for lack of subject matter jurisdiction, holding that the alleged government-employee tortfeasor's actions fell outside the scope of his employment. *Id.* at 765. It was unclear to the Fifth Circuit, however, whether the district court had incorrectly used a 12(b)(1) standard rather than a 12(b)(6) or summary judgment standard, as *Montez* directs. *Id.* at 769 ("To be certain, in resolving whether a government employee was acting within the scope of his

11

employment under the FTCA, we have held that a 12(b)(6) or summary judgment standard, not the Rule 12(b)(1) standard, should be applied.").

On one hand, the Fifth Circuit noted, the district court had recited the 12(b)(1) "standard when it ruled on the government's motion to dismiss." *Id.* at 768. Yet, on the other, it was "not apparent that the district court improperly resolved disputed facts in the government's favor" and, rather, it "appear[ed]" that the district court had "accepted the allegations in the complaint as true and supplemented those facts by taking judicial notice" of other facts. *Id.* at 769 n.4. Nevertheless, "because the district court recited the incorrect legal standard," the Fifth Circuit "proceed[ed] under the assumption that" the district court had improperly "applied the 12(b)(1) standard to the scope of employment inquiry." *Id.* The Fifth Circuit proceeded to evaluate the plaintiffs' claims under a 12(b)(6) standard. *Id.* at 769–71. Ultimately, it affirmed the district court's dismissal of the plaintiffs' FTCA claims for lack of subject matter jurisdiction, finding that the alleged tortfeasor's conduct fell outside the scope of his employment even when "accept[ing] the allegations contained in the complaint as true and view[ing] the facts in the light most favorable to" the plaintiffs. *Id.* at 769, 771.

Since *Montez* and *M.D.C.G.*, the Fifth Circuit has developed a test for determining whether "the jurisdictional question is intertwined with the merits" such that the rule articulated in *Montez* applies. *See In re S. Recycling, L.L.C.*, 982 F.3d 374, 379–82 (5th Cir. 2020); *Pickett*, 37 F.4th at 1030–31. The court asks three questions: "First, does the statutory source of jurisdiction differ from the source of the

federal claim? Second, can the jurisdictional issue be extricated from the merits and tried as a separate issue? Third, does judicial economy favor early resolution of the jurisdictional issue?" *Pickett*, 37 F.4th at 1029 (internal citations and alterations omitted).[26]

But *Pickett*, like *Montez, M.D.C.G.*, and *In re. Southern Recycling* before it, addressed the question of whether a court could *resolve disputed facts* for purposes of determining whether it had subject matter jurisdiction. *See In re S. Recycling*, 982 F.3d at 379; *Pickett*, 37 F.4th at 1029. To be sure, the Fifth Circuit in *Pickett* described the *Montez* rule as a "limit[] to a district court's ability to resolve fact disputes on a Rule 12(b)(1) motion." *Pickett*, 37 F.4th at 1029.

In the present matter, the government does not present evidence or make a factual challenge to Osorio's claims for lack of subject matter jurisdiction.[27] Rather it argues that the conduct that Osorio alleges occurred, as she alleges it occurred,

---

[26] *Pickett* involved whether the plaintiff's Americans with Disabilities Act ("ADA") claims were barred by sovereign immunity and, therefore, whether the court had subject matter jurisdiction over those claims. *See generally* 37 F.4th 1013 (5th Cir. 2022). The Fifth Circuit found that the subject-matter jurisdictional question and merits questions were coterminous. *Id.* at 1030–31. First, the source of the plaintiff's claims and the source of subject matter jurisdiction was the same statute: the ADA. *Id.* at 1031. "That fact goes a long way towards establishing that the issues are intertwined," because "separate statutory questions imply that one—the jurisdictional statute—can be considered 'antecedent' to the other." *Id.* Second, the Fifth Circuit found that the questions were "identical," in that both required determination of whether the plaintiff had "stated ADA claims." *Id.* As for the third question, the Fifth Circuit noted that it is "'closely related' to the second," and that "judicial economy is served by resolving contested fact issues at the pleading stage where, for instance, the jurisdictional question is much simpler than the merits question." *Id.* It held that the 12(b)(6) standard applied and that the "district court did not err by declining to resolve the disputed factual issues." *Id.*
[27] *See generally* R. Doc. No. 12.

amounts to intentional torts excluded from the FTCA's waiver of sovereign immunity pursuant to § 2680(h).[28] It is therefore not clear that the rule articulated in *Montez* is applicable or would save Osorio's complaint from dismissal.[29]

To determine whether a plaintiff's claims are excepted pursuant to § 2680(h), the Court looks to the allegations in the plaintiff's complaint to determine whether the claim "arises out of" an excepted tort. *Truman*, 26 F.3d at 594; *see also Morris,* 2026 WL 1379102, at *5. ("We now review the allegations in the operative complaint to determine . . . the essence of [the plaintiff's] claim . . ."); *Life Partners*, 650 F.3d at 1030 ("We . . . consider whether [the plaintiffs'] claims for negligent record-keeping and administration are essentially claims of misrepresentation, such that they are barred by the FTCA."). This inquiry focuses on the "conduct on which [the plaintiff]

---

[28] *Id.* at 7–8; *see also* R. Doc. No. 14, at 1 ("If this Court merely reviews Plaintiff's Complaint, it is clear that she is complaining about intentional actions, as accessing medical records, altering medical records, and distributing or posting the altered medical records are all intentional acts."). To the extent that the government argues that the conduct alleged by Osorio is excluded merely because the actions were "intentional," such argument is incorrect. *See Levin v. United States*, 568 U.S. 503, 507 (2013) ("Section 2680(h) does not remove from the FTCA's waiver all intentional torts, *e.g.*, conversion and trespass . . . .").

[29] Application of *Montez* in this case would result in application of a 12(b)(6) standard, not, as Osorio seems to suggest, R. Doc. No. 13, at 5, in complete avoidance of dismissal under any standard. Because this Court's dismissal of Osorio's complaint is based upon the allegations in her complaint alone, taken as true, *see infra* n.33 and accompanying text, applying or not applying *Montez* does not change the fate of Osorio's complaint. *See Taylor v. Denka Performance Elastomer LLC*, 332 F. Supp. 3d 1039, 1048 (E.D. La. 2018) (Feldman, J.) ("The standard of review applicable to motions to dismiss under Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6)."); *Williams v. Wynne*, 533 F.3d 360, 364–65 n.2 (5th Cir. 2008) (noting that the "standard of Rule 12(b)(1) . . . [is] similar to the standard of Rule 12(b)(6)," but the 12(b)(1) standard additionally "permits the court to consider a broader range of materials in resolving the motion").

bases her claim," rather than the formal causes of action asserted. *See Truman,* 26 F.3d at 594; *cf. Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 99 F.3d 695, 703 (5th Cir. 1996) ("The district court erred in focusing on the formal causes of action asserted rather than upon the factual allegations supporting the claims . . . we emphasized [in *Truman*] the need to examine the underlying conduct alleged in the petition . . . .").

This process is more akin to "categorizing the allegations" rather than determining whether the plaintiff has stated a claim for negligence or an excepted intentional tort. *See Morris,* 2026 WL 1379102, at *5. But the court still looks to and compares the elements of the excepted and actionable torts to determine whether "the plaintiff's claim can fairly be read to 'arise out of' conduct that would establish an excepted cause of action." *See Morris,* 2026 WL 1379102, at *5 ("In order to categorize the allegations accurately, we *explain the elements* of negligent undertaking and contrast that tort with the meaning of 'misrepresentation' under the FTCA."); *Truman,* 26 F.3d at 596 (discussing the elements of assault and battery claims when determining whether the plaintiff's IIED claim was barred by § 2680(h)). The process does not necessarily involve resolution of factual disputes and, importantly, the Fifth Circuit has conducted this analysis under a 12(b)(1) standard.[30] *See, e.g., Morris,* 2026 WL 1379102, at *2; *Life Partners*, 650 F.3d at 1029; *Willoughby*, 730 F.3d at 479 ("The question of whether the United States has waived sovereign immunity pursuant to

---

[30] This Court does not suggest that it would be improper to conduct this inquiry utilizing a 12(b)(6) standard. *See, e.g., Truman,* 26 F.3d at 594.

the FTCA goes to the court's subject-matter jurisdiction, and may therefore be resolved on a Rule 12(b)(1) motion to dismiss. (internal citations omitted)).

The Fifth Circuit has made clear that the scope of employment inquiry for an FTCA claim is an "intertwined" jurisdictional and merits issue, but it has not yet answered whether the § 2680(h) intentional tort exception inquiry is always coterminous with the merits question of an FTCA claim. At a glance, the three *Pickett* questions seem to favor a finding that they are, but other Fifth Circuit caselaw suggests that determining whether § 2680 divests the court of jurisdiction is a threshold, antecedent jurisdictional inquiry. *See Dickson v. United States*, 11 F.4th 308, 315 (5th Cir. 2021) (describing the law enforcement proviso of § 2680(h) as "a threshold jurisdictional inquiry" and concluding that "the district court must address the question before considering any alternative motion under Rule 12(b)(6)"); *cf. Davis v. United States*, 961 F.2d 53, 56 n.4 (5th Cir. 1991) (rejecting the plaintiff's characterization of her claims as negligence and instead finding that they were "based on a contract action," which fell outside of the subject matter jurisdiction granted by the FTCA, and noting that "[t]he district court did not treat this as a [Rule] 12(b)(6) motion, because the jurisdictional issues were not intermeshed with the merits of the case").[31]

---

[31] It is also notable that in *Hix v. U.S. Army Corps. of Eng'rs*, 155 F. App'x 121 (5th Cir. 2005), the Fifth Circuit held that the 12(b)(1) standard was proper for determining whether the discretionary function exception applied, pursuant to § 2680(a), and noted that "[i]n this case . . . the merits of the actual cause of action—state-law negligence—are irrelevant to our determination of whether § 1346(b)(1) granted the district court subject-matter jurisdiction over those negligence claims, or whether the discretionary function exception of § 2680(a) divested the district court

In light of the Fifth Circuit's clear stance against plaintiffs artfully pleading their way around the intentional tort exception, it would seem inconsistent to conclude that Osorio could avoid the § 2680(h) conduct-based inquiry of the allegations in her complaint by recasting her claims in negligence and merely invoking *Montez* in her response to the government's motion.[32] The Court need not decide whether the *Montez* rule does, or does not, apply to every type of jurisdictional challenge pursuant to § 2680(h). While certain types of such jurisdictional attacks may properly trigger utilization of a 12(b)(6) or summary judgment standard,[33] it appears from this Court's review of the Fifth Circuit caselaw that it is not improper for the Court to conclude, as it did previously, that it does not have subject matter

---

of jurisdiction. . . . Therefore, the district court was correct to dismiss [the] claims under a 12(b)(1) standard." *Id.* at 127 n.8.

[32] *See* R. Doc. Nos. 1, 13.

[33] For example, Osorio has not argued that this is a case in which there is a factual dispute with respect to whether the conduct alleged could be categorized as either an excepted intentional tort or a non-excepted negligence tort. *See, e.g., Clark v. United States*, No. 23-1246, 2024 WL 2194458 (N.D. Ala. May 15, 2024). In *Clark*, the district court denied the government's motion to dismiss for lack of subject matter jurisdiction because it found that the jurisdictional attack was "intertwined with the merits" of the plaintiff's claims. *Id.* at *3. The Government had presented evidence that the plaintiff had previously described the encounter in a form for his administrative FTCA claim; he stated therein that the alleged tortfeasor "assaulted him by placing both of his hands on [his] chest and violently shoving him backward." *Id.* at *1. The district court concluded that there existed a dispute of fact with respect to whether the plaintiff's allegations that the alleged tortfeasor "placed both of his hands on [the plaintiff's] chest, which caused [him] to be pushed backwards" amounted to negligence or an assault. *Id.* at *5 ("[T]here is a genuine dispute of material fact about whether [the alleged tortfeasor] intentionally touched [the plaintiff] in a harmful or offensive manner (i.e., whether his conduct that is essential to the [the plaintiff's] claim is encompassed by assault under [state] law), or whether [the alleged tortfeasor] just removed [the plaintiff] to a safer distance—but did so negligently, by pushing [the plaintiff], and with unfortunate results.").

17

jurisdiction over Osorio's claims based on a finding that the allegations in her "complaint alone," taking those allegations as true, describe conduct excepted by § 2680(h). *See, e.g.*, *Life Partners*, 650 F.3d at 1029.

The Court already determined that Osorio's claims arose out of the excepted torts of libel and/or slander.[34] Osorio does not object in her response to this characterization of the alleged conduct, nor did she alter any of the allegations of the conduct underlying the claims when she refiled her complaint.[35] Osorio has given this Court no reason to find differently with respect to its conclusion that her claims are barred by § 2680(h).

To be sure, the conduct of which Osorio complains is still that Comeaux accessed her private medical records, altered them, and published them on social media, thereby causing her "embarrassment and mental suffering pas[t], present and future."[36] She also still alleges that Comeaux released these falsified records "with goal to cause injury and damage."[37] The essential conduct underlying her claims arise out of conduct that would establish defamation pursuant to Louisiana law,[38] which is barred by § 2680(h). *See Baker v. McHugh*, 672 F. App'x 357, 362 (5th Cir. 2016); *cf.*

---

[34] *See Osorio*, No. 25-1261, R. Doc. No. 26, at 5–7.

[35] *Compare* R. Doc. No. 1, *with Osorio*, No. 25-1261, R. Doc. No. 1.

[36] R. Doc. No. 1 ¶¶ 11, 14–15.

[37] *Id.* ¶ 7; *see also Perere v. Louisiana Television Broad. Corp.*, No. 97-2873, 721 So. 2d 1075, 1078 (La. Ct. App. 1998), (explaining that "unlike a defamation action, it is not necessary [for a "false light" invasion of privacy action] that there be malicious intent on the part of the defendant").

[38] "Four elements are necessary to establish a claim for defamation: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Johnson v. Purpera*, No. 2020-01175, 320 So. 3d 374, 394 (La. 2021).

*Doe v. United States*, 83 F. Supp. 2d 833, 839 (S.D. Tex. 2000); *Rittgers v. United States*, 131 F. Supp. 3d 644, 653 (S.D. Tex. 2015).

Osorio tried to cure what she perceived was the reason her complaint was dismissed by changing the word "intentional" to "negligent" in her third cause of action. But the defect in Osorio's third claim was not that she alleged IIED rather than NIED.[39] IIED is not in every instance an excepted tort under § 2680(h). *See Truman*, 26 F.3d at 595 ("[A] claim for intentional infliction of emotional distress *based on the conduct described* in [the plaintiff's] complaint is not barred by an exception to the FTCA." (emphasis added)). The issue was, and remains, that her infliction of emotional distress claim is based on the conduct establishing an excepted tort. *Fleming*, 2012 WL 1135843, at *3 ("[I]ntentional infliction of emotional distress [is] not mentioned in section 2680(h), [but] such claims are barred when based on conduct that would establish a tort listed therein."); *Stidham v. United States*, 252 F.3d 434 (5th Cir. 2001) ("If the underlying conduct is a tort enumerated in § 2680(h), then the claim for intentional infliction of emotional distress is barred.").

Consequently, Osorio has once again not met her burden of establishing that subject matter jurisdiction exists and this Court must dismiss her claims.[40]

### IV.   CONCLUSION

Accordingly,

---

[39] *See supra* n.25 and accompanying text.

[40] *Willoughby*, 730 F.3d at 479 (holding that the party "asserting federal subject-matter jurisdiction, bear[s] the burden of proving that its requirements are met").

**IT IS ORDERED** that the government's motion to dismiss is **GRANTED** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, May 28, 2026.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**